IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JP MORGAN CHASE BANK NATIONAL ASSOCIATION,<br><br>    Plaintiff,<br><br>  v.<br><br>JAMIE AWAD,<br><br>    Defendant.<br>                                                         / | No. C 10-485 SI<br><br>**ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE REMANDED TO STATE COURT FOR LACK OF JURISDICTION** |

On February 2, 2010, *pro se* defendant Jamie Awad removed this unlawful detainer action from state court. From the face of the complaint, this Court lacks jurisdiction. There are no federal claims in the lawsuit. Where there is no federal question jurisdiction, an action is not removable on the basis of diversity of citizenship if the defendant is a citizen of the state in which the action was brought. *See* 28 U.S.C. § 1441(a), (b). Here, defendant appears to be a California resident, and thus removal is improper.[1]

Accordingly, **defendant is ORDERED TO SHOW CAUSE in writing no later than 2:00 pm on March 19, 2010 why this case should not be remanded to the Superior Court for the County of San Francisco**. If defendant asserts that removal was proper and this Court has jurisdiction, defendant must specifically identify the basis for jurisdiction.

**IT IS SO ORDERED.**

Dated: March 8, 2010

SUSAN ILLSTON
United States District Judge

---

[1] Further, even if somehow defendant is not a California resident, which seems unlikely, there does not appear to be a basis for diversity jurisdiction because the complaint states that it seeks damages less than $25,000, far below the $75,000 amount in controversy necessary to invoke diversity jurisdiction.